# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-CV-459 SNLJ |
| DAVID S. FERRIERO, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

On April 15, 2019, plaintiff Kevin Harris, filed a pro se complaint in this Court asserting claims of age, sex and race discrimination in violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.* For the reasons set forth below, the Court will require plaintiff to show cause within thirty (30) days of the date of this Memorandum and Order why this matter should not be dismissed for improper venue. *See* Fed.R.Civ.P.12(b)(3).

### Background

Plaintiff, a black male who currently resides in Carbondale, Illinois, brings this action against David S. Ferriero, Archivist of the United States of America. Plaintiff asserts that he applied for a position at "the National Archives and Records Administration Agency's George W. Bush Presidential Library and Museum in Dallas, Texas" on or about January 27, 2016. Plaintiff claims that he was discriminated against and unlawfully harassed when he applied for a position as a Public Affairs Specialist and was denied the job in favor of a white female applicant.

In support of his allegations of discrimination, plaintiff alleges that although he was given an opportunity to interview for the position, he does not believe he was given appropriate consideration. He further asserts that he was treated "disparately" in the hiring process.

## Discussion

A plaintiff bringing claims under Title VII must sue in a jurisdiction that meets the special venue requirements of 42 U.S.C. § 2000e–5(f)(3). The special venue provision allows actions to be brought in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3).

Plaintiff has not indicated in his complaint the state where his interview actually took place, but there is no indication that it took place in the State of Missouri. Additionally, the employment records relative to the instant action are kept in the National Archives building in Washington, D.C., thus, Missouri also has no connection to the second basis for venue in the Title VII venue statute. If plaintiff would have been hired for the position at the George W. Bush Presidential Library and Museum he would have worked in Dallas, Texas. Thus, the third venue provision is also unrelated to plaintiff's present choice of venue.

For all of the aforementioned reasons, plaintiff will be required to show cause, within thirty (30) days of the date of this Memorandum and Order, why this action should not be dismissed for lack of proper venue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is required to show cause within thirty (30) days of the date of this Memorandum and Order why this action should not be dismissed for lack of proper venue. *See* Fed.R.Civ.P.12(b)(3).

Dated this 22nd day of April, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE