# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-459 SNLJ |
| | ) |
| DAVID S. FERRIERO, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's response to the April 22, 2019 Order to Show Cause as to why this action should not be dismissed for lack of proper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). After reviewing plaintiff's response to the Order to Show Cause, the Court will grant plaintiff's leave to proceed in forma pauperis and dismiss the present action for lack of proper venue. *See* Fed.R.Civ.P.12(b)(3).

## Background

On April 15, 2019, plaintiff Kevin Harris, filed a pro se complaint in this Court asserting claims of age, sex and race discrimination in violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.,* and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.* Plaintiff, a black male who currently resides in Carbondale, Illinois, brought this action against David S. Ferriero, Archivist of the United States of America.

In his complaint, plaintiff asserts that he applied for a position at "the National Archives and Records Administration Agency's George W. Bush Presidential Library and Museum in Dallas, Texas" on or about January 27, 2016. Plaintiff claims that he was discriminated against

and unlawfully harassed when he applied for a position as a Public Affairs Specialist and was denied the job in favor of a white female applicant.

Because it was not apparent from the face of the complaint where plaintiff was at the time he interviewed for the position of Public Affairs Specialist, the Court ordered plaintiff to show cause why this matter should not be dismissed for improper venue under Fed.R.Civ.P.12(b)(3); 28 U.S.C. § 1406(a).

**Discussion**

A plaintiff bringing claims under Title VII must sue in a jurisdiction that meets the special venue requirements of 42 U.S.C. § 2000e–5(f)(3). The special venue provision allows actions to be brought in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3).

In his response to the Order to show cause, plaintiff asserts that he interviewed for the Public Affairs Specialist position over the telephone. However, plaintiff has not indicated where he was at the time he had the phone interview. The Court is left to surmise that he interviewed from his home in Carbondale, Illinois, which is outside the venue of the Eastern District of Missouri. Although plaintiff states that he "receives medical care" in the State of Missouri. The receipt of medical care is not of consequence to the venue provisions of Title VII.

As noted in the Court's prior Memorandum and Order, the subsequent venue provisions do not assist plaintiff in attaining venue in this Court. The employment records relative to the instant

2

action are kept in the National Archives building in Washington, D.C., thus, Missouri also has no connection to the second basis for venue in the Title VII venue statute. If plaintiff would have been hired for the position at the George W. Bush Presidential Library and Museum he would have worked in Dallas, Texas. Thus, the third venue provision is also unrelated to plaintiff's present choice of venue. And the principal office of respondent is in Washington, D.C.

For all of the aforementioned reasons, this Court lacks venue over plaintiff's Title VII action and will therefore dismiss the action without prejudice. *See* Fed.R.Civ.P.12(b)(3); 28 U.S.C. § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's action is **DISMISSED** for lack of proper venue. Fed.R.Civ.P.12(b)(3); 28 U.S.C. § 1406(a).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of July, 2019.

> /s/ Stephen N. Limbaugh, Jr.
> STEPHEN N. LIMBAUGH, JR.
> UNITED STATES DISTRICT JUDGE